## BLACK *a.* FOSTER.

*Supreme Court, First District; General Term, November,* 1858

### EXCEPTION.—EVIDENCE.—CLAIM AND DELIVERY.

An exception to evidence relevant as to one of two co-defendants, but irrelevant as to the other, must be stated as being taken by the defendant, as to whom it is irrelevant. If stated generally as taken by the defendants, it is not error to overrule it.

In an action for chattels, the plaintiff took proceedings of claim and delivery, and the sheriff seized the property. The defendant appealed, and put in an answer which contained, among other things, a denial that he had detained the property. At about the same time he executed and delivered to the sheriff the undertaking allowed by section 211 of the Code, to obtain a return of the property, which was accordingly returned to him.

*Held,* that the undertaking was admissible on the trial, as evidence to go to the jury in disproof of the defendant's denial that he had detained the property.

Appeal from a judgment.

. This was an action for chattels. It appeared that the plaintiff sold to the defendant, W. M. Foster, in August, 1854, a quantity of lumber, on the terms cash for freight, and his note for four months for the amount of the bill of lumber. The lumber was placed on a wharf in this city and measured, and the bill presented at defendant (W. M. Foster's) office; and the terms of

the sale not being complied with, the property was demanded of him, and he refused to deliver it, stating that he had made an assignment, and had put every dollar in it. To a threat to take the property away, he replied that it could not be taken away, as it was put into his assignment. This was on the 28th of August.

The assignment was dated and executed on the 11th of September, 1854, and was made by Wm. M. Foster to the other defendant, and another person, and was signed by both defendants, and its execution acknowledged on the same day.

The property was taken by the sheriff, and the defendants claimed a redelivery to them, and caused an undertaking to be executed according to the Code, which stated that they required a return to them of the property taken. This undertaking was executed and acknowledged about the time the defendants' answer was put in.

The jury found a verdict for the plaintiff, and a judgment was thereupon entered ; and from such judgment this appeal was now taken.

*M. Cornwall*, for the defendants and appellants.

*D. D. Lord*, for the respondent.

By the Court.[*]—Davies, P. J.—Several exceptions were taken to the rulings of the justice at the circuit, and which, if erroneous, will entitle the defendants to a new trial.

The first exception taken is to the admission of the declaration of Wm. M. Foster, when called upon to comply with the terms of the sale. This testimony was objected to by the defendants, and not by the defendant D. C. Foster as irrelevant as to him. It was clearly competent as to Wm. M. Foster, and if the defendant D. C. Foster wished to object to it as incompetent as to him, he should have so stated the ground of his objection.

It was not incompetent, irrelevant, or improper as to the defendant Wm. M. Foster, and therefore properly admitted.

The next exception was to the admission of the assignment executed by both defendants. We are unable to see any error

---

[*] Present, Davies, P. J., Sutherland and Hogeboom, JJ.

in this. It was the act of both, and contained their joint declarations, and was competent testimony as to both.

The next exception was to the admission of the undertaking put in in this cause, on the return of the property to the defendants.

This undertaking was given in the cause as an act or proceeding therein, under section 211 of the Code, which provides, that at any time before delivery of the property to the plaintiff, the defendants may require a return thereof, upon giving the undertaking prescribed; and on such undertaking being given, he is entitled to a return.

Both of the defendants in this cause appeared and answered, and by giving this undertaking both claimed a return of the property. It was an act or proceeding in the cause by both defendants, and as such was competent testimony to go to the jury to disprove the allegation of their answer, that they did not detain the property described in the complaint. It was for the jury to say how much weight it was entitled to, and how far it went to establish the point that both defendants claimed to detain the plaintiff's property.

We think the justice properly refused to dismiss the complaint as to the defendant D. C. Foster. There was certainly some evidence to show that he claimed, with the other defendant, to retain the plaintiff's property, and the jury by their verdict have found that he did so detain it. We think there was evidence to sustain such finding, and that we ought not to disturb their verdict. We see no error in the charge of the justice, or in the refusal to charge as requested.

The judgment therefore appealed from must be affirmed with costs.